*NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARRY GREGORY, | : | |
| Plaintiff, | : | Civil Action No. 09-6132 (SDW) |
| v. | : | |
| HMSHOST FAMILY RESTAURANTS, INC., and ABC COMPANIES, INC., 1-10, (names being fictitious) | : | REPORT & RECOMMENDATION |
| Defendants. | : | May 19, 2010 |

Pending before this Court is a motion by Defendant HMSHost Family Restaurants, Inc. ("Defendant") to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Maryland (the "Motion"). (Docket Entry No. 5, "Def. Motion"). Pursuant to Local Civil Rule 72.1, the Honorable Susan D. Wigenton, United States District Judge, referred this Motion to the Undersigned for report and recommendation. For the reasons set forth below, this Court respectfully recommends **GRANTING** Defendant's Motion to transfer venue to the District of Maryland.

**I. BACKGROUND**

Larry Gregory ("Plaintiff"), a New Jersey resident, filed a complaint against Defendant HMSHost and Defendant ABC Companies 1-10 (names being fictitious) on October 22, 2009 in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey. (Docket Entry No. 1, Ex. A, "Complaint"). Defendant HMSHost is a Delaware corporation with a principal place of business

in Bethesda, Maryland. (Docket Entry No. 1, Notice of Removal ¶ 3). Defendants ABC Companies, Inc., 1-10, are fictitious entities allegedly responsible for designing, manufacturing, supplying, and/or selling the metal chair at issue in Plaintiff's action to Defendant HMSHost. (Complaint, Second Count ¶ 2). On the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, Defendant HMSHost removed the action to this Court. (Docket Entry No. 1, Notice of Removal ¶¶ 5-6).

According to the Complaint, on or around July 4, 2009, Plaintiff visited Defendant HMSHost's retail establishment located at the Chesapeake House Travel Plaza, on the JFK Memorial Highway, in Maryland. (Complaint, First Count ¶¶ 2-3). At the Chesapeake House Travel Plaza, Plaintiff and his travel companion visited a Popeye's fast food restaurant for breakfast. (*Id.* ¶ 3; Brief in Opposition to Transfer Case to United States District Court for the District of Maryland, "Pl. Opposition," at 2). While Plaintiff was seated at the Popeye's restaurant, the seat to his chair allegedly disengaged from the chair's metal frame, causing Plaintiff to fall to the floor. (Complaint, First Count ¶ 5). Plaintiff then sought emergency medical treatment at a local hospital in Maryland and, upon returning to New Jersey, further treatment from an orthopedic surgeon. (Pl. Opposition at 2). Later in July, Plaintiff underwent surgery and subsequently sought appropriate follow-up care from the same orthopedic surgeon. (Pl. Opposition at 2-3).

By way of his Complaint, Plaintiff alleges that, as a direct and proximate result of Defendant HMSHost's negligence, Plaintiff sustained severe, painful and permanent injuries. (Complaint, First Count ¶ 9). Plaintiff also alleges that Defendant ABC Companies, Inc., 1-10, breached expressed and implied warranties, including a warranty of fitness for use, causing serious injury to Plaintiff. (*See* Complaint, Second Count ¶¶ 5-6).

## II. DISCUSSION

Defendant HMSHost argues that it would be more convenient to litigate this action in Maryland because the central facts underlying this dispute occurred in Maryland and the relevant witnesses live and work in Maryland, except for the Plaintiff. (Def. Motion at 1). Defendant also suggests the District of Maryland would be more familiar with the applicable substantive law and that the burden of jury duty should fall on those having the closest ties to the action. (Def. Motion at 3-4).

In opposition, Plaintiff argues that Defendant's Motion to transfer should be denied because Plaintiff's choice of forum should be accorded deference and Plaintiff, a partially paralyzed stroke victim, lives and works in New Jersey. (*See* Pl. Opposition at 5, 9). Plaintiff adds that Plaintiff's physician practices in New Jersey and two of Plaintiff's witnesses reside outside of Maryland. (*See id.* at 6, 9). Finally, Plaintiff asserts that, unlike the potential hardship to Defendant HMSHost, Plaintiff would have "virtually insurmountable" physical and financial hardship to litigate this case in Maryland. (Pl. Opposition at 9-10).

For the reasons cited below, this Court finds that Defendant has met its burden of establishing the appropriateness of transfer.

## III. LEGAL STANDARD

### A. 28 U.S.C. § 1404(a)

§ 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Accordingly, in deciding whether to transfer an action under § 1404(a), there are three factors enumerated in the statute that courts should consider: the

convenience of parties, convenience of witnesses, and the interests of justice. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In addition, the Third Circuit has provided a list of private and public factors that courts should consider when deciding whether to transfer an action. *Id.* at 879-880.

"The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* at 879 (internal citations omitted).

"The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* (internal citations omitted).

A decision to transfer is within the sound discretion of the district court, but must incorporate all relevant factors to determine whether "litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *See Jumara*, 55 F.3d at 879, 883; *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 498 (D.N.J. 1998). Furthermore, a defendant bears the burden of establishing the need for transfer. *Jumara*, 55 F.3d at 879.

Finally, a plaintiff's choice of venue generally should not be lightly disturbed. *See id.* Deference to plaintiff's choice of forum, however, may be overcome if the moving party can

convince the court that an alternative forum is more convenient than the present forum. *See Sonic Supply, LLC v. Universal White Cement Co., Inc.*, No. 07-CV-04529, 2008 WL 2938051, at *5 (D.N.J. July 29, 2008) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S., 235, 255 (1981)). In addition, less weight may be accorded to plaintiff's choice if the operative facts of a lawsuit occurred outside the forum selected by the plaintiff. *See American Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F.Supp. 1294, 1306 (D.N.J. 1990); *Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett*, 847 F.Supp. 1244, 1246 (D.N.J. 1994).

### B. 28 U.S.C. § 1391

§ 1391 provides, in relevant part, that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may...be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same [s]tate [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(1), (a)(2). Furthermore, the statute provides that "for purposes of venue...a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* at § 1391(c).

### IV. ANALYSIS

As a threshold matter, transfer under § 1404(a) requires the Court to determine whether the transferee court is one where the action could have been brought. *See, e.g.*, *Aventis Pharma S.A. v. Sandoz Inc.*, No. 06-3671, 2007 WL 1101228, at *3 (D.N.J. Apr. 10, 2007). To this extent, the Court notes that Defendant HMSHost has its principal place of business in Maryland. Furthermore, the events giving rise to Plaintiff's claim occurred at the Chesapeake House Travel Plaza in Maryland.

The requirements of 28 U.S.C. § 1391(a)(1) and (a)(2) are therefore satisfied and Plaintiff could have filed this action in the District of Maryland.

**A. The Private Interests**

Plaintiff's preferred forum is New Jersey. Such preference would ordinarily weigh strongly against transfer to Maryland, except that New Jersey does not have any connection to the operative facts of this lawsuit since this action arises from Plaintiff's fall at a highway rest area in Maryland. The Plaintiff's choice of forum is consequently entitled to less deference. *See American Tel. & Tel. Co.*, 736 F.Supp. at 1306; *see also Butz v. Schleig*, No. 09-761, 2009 WL 971410, at *6 (D.N.J. Apr. 7, 2009) ("New Jersey...has no connection with the operative facts of this lawsuit....Thus, plaintiffs' choice of forum is accorded little weight."). Conversely, Defendant's preferred forum is where the operative facts of the action occurred and thus favors transfer. The next factor, where the claim arose, similarly favors transfer to Maryland because Plaintiff's claim arose out of events there.

The Court finds that the convenience of the parties factor weighs slightly against transfer because the Plaintiff is a partially paralyzed, sole proprietor who lives and works in New Jersey. On the other hand, to the extent that Plaintiff's physical and financial condition make it hard for Plaintiff to litigate this dispute in Maryland, Defendant appears amendable to accommodating Plaintiff and has already agreed to depose Plaintiff as close as possible to his home in New Jersey. Moreover, as Defendant points out, the Plaintiff was evidently capable of visiting Maryland at the time of Plaintiff's accident less than one year ago.

The convenience and availability of witnesses factor is neutral. This factor is only considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora." *See Jumara*, 55 F.3d at 879. Here, although each party has argued that their witnesses will be inconvenienced,

neither party has asserted or demonstrated that their witnesses will be unable or unwilling to attend trial in an alternative forum. Although the parties have not addressed the final private interest, the location of books and records, such materials would likely be found at the location of Plaintiff's fall or at the Defendant's principal place of business, both in Maryland. Nevertheless, neither party has shown that such files cannot be produced in the alternative forum and this factor is also neutral. On balance, the Court therefore finds that the private interests weigh in favor of transfer to the District of Maryland.

### B. The Public Interests

With respect to the enforceability of the Court's judgment, although the Defendant may be subject to the jurisdiction of this Court, it would undoubtedly be subject to the jurisdiction of the Maryland District Court in light of the connection between that forum, Defendant's principle place of business, and the operative facts underlying this action. The applicable law in this action will likely be Maryland law, which Maryland judges would presumably be more familiar with. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) ("There is an appropriateness...in having the trial of a diversity case in a forum that is at home with the state law that must govern the case....").

In addition, given that the events underlying the instant action occurred from a visit to a highway rest area which generally caters to tourists and travelers, Maryland likely has a strong local interest in ensuring the safety of such business premises. *See id.* ("There is a local interest in having localized controversies decided at home."). For similar reasons, a Maryland jury would have closer ties to this action than a New Jersey jury and the burden of jury duty is more fairly placed on the residents of Maryland. *See Butz*, 2009 WL 971410, at *7. Although the Court finds neutral the remaining public interest factors, the relative administrative difficulty in New Jersey and Maryland,

practical considerations that could make the trial easy, expeditious or inexpensive, and the public policies of the fora, the public interest considerations discussed above and the interests of justice together favor transferring the instant action to the District of Maryland.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends **GRANTING** Defendant's Motion to Transfer Venue to the District of Maryland. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**
